UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY J. WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:10 CV 635 CAS(LMB) |
| | ) |
| JAMES HURLEY,[1] | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Larry J. Wallace for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

**Procedural History**

Petitioner is presently incarcerated at Northeast Correctional Center in Bowling Green, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. See Respt's Ex. A at 27-30. On June 22, 2007, petitioner pled guilty to one count of domestic assault in the second degree, one count of domestic assault in the third degree, and one count of assault in the third degree. See id. at 11-26. He was sentenced to a term of imprisonment of twelve years imprisonment on the second degree domestic assault count; and

---

[1] James Hurley is currently the Warden of Northeast Correctional Center. Consequently, James Hurley will be substituted for Douglas Prudden as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

thirty days imprisonment on the third degree domestic assault count and the third degree assault count, to run concurrently with the twelve-year sentence.² See id. at 27-30.

On October 1, 2007, petitioner filed a pro se motion to vacate, set aside or correct the judgment of the Circuit Court of the City of St. Louis, Missouri, pursuant to Missouri Supreme Court Rule 24.035. See id. at 36-41. After appointment of counsel, petitioner filed an amended motion to vacate, set aside or correct the judgment. See id. at 51-62. In this motion, petitioner argued that he was denied effective assistance of counsel when plea counsel failed to advise him that his wife could not testify against him under the law of spousal or marital privilege before he pleaded guilty. See id. An evidentiary hearing was held on petitioner's motion on September 12, 2008, at which petitioner and plea counsel testified. See Respt's Ex. B. On December 1, 2008, the motion court denied petitioner's motion for post-conviction relief. See Respt's Ex. A at 73-74.

Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 85-87. In his single claim on appeal, petitioner argued that the motion court clearly erred in denying his post-conviction relief motion because he received ineffective assistance of counsel in that plea counsel failed to advise him of the law of spousal privilege before he pleaded guilty. See Respt's Ex. C. On November 24, 2009, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. See Respt's Ex. E.

On April 13, 2010, petitioner, pro se, filed a petition for a writ of habeas corpus. See Doc. No. 1. In his sole ground for relief, petitioner argues that he received ineffective assistance

---

²Respondent accurately points out that petitioner has completed the thirty-day sentences and does not, therefore, fulfill the "in custody" requirements of 28 U.S.C. § 2254(a) to challenge these two convictions.

of counsel in that guilty plea counsel failed to advise him of the law of spousal privilege before he pleaded guilty. See id.

On June 14, 2010, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's ground for relief fails on its merits. See Doc. No. 6.

**I.     Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus,

3

"a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 1410.

## II.     Petitioner's Claim

As stated above, petitioner argues that he received ineffective assistance of counsel in that plea counsel failed to advise him of the law of spousal privilege before he pleaded guilty. Petitioner contends that, had he been advised of the spousal privilege, he would not have pled guilty.

Respondent argues that the state courts rejected petitioner's claim on the basis that petitioner was not a credible witness, and that this determination is a reasonable one that is entitled to deference under 28 U.S.C. § 2254(d)(1).

Petitioner raised this claim in his post-conviction relief motion,[3] and in his appeal from the denial of post-conviction relief. The motion court denied petitioner's claim, holding that petitioner was not credible, and that there was no evidence in the record to support his allegations. See Respt's Ex. A at 73. The Missouri Court of Appeals affirmed the decision of the motion court, noting that the Court defers to the motion court's superior ability to judge the credibility of witnesses. See Respt's Ex. E at 3.

At the evidentiary hearing on petitioner's post-conviction relief motion, plea counsel,

---

[3]Petitioner alleged to the motion court that counsel failed to explain that his wife would not have to testify due to spousal immunity. See Respt's Ex. E at 2.

4

Jasman Lutz, testified that she discussed with petitioner the fact that petitioner's wife did not wish to prosecute the case and wanted to dismiss the case. See Respt's Ex. B at 20. Ms. Lutz stated that she informed petitioner that she did not have the power to dismiss the charges, and that only the prosecutor's office could dismiss the charges. See id. Ms. Lutz testified that she subsequently received a letter from petitioner's wife in which she indicated that she did not want to prosecute the case. See id. Ms. Lutz stated that she informed petitioner that she had received the letter and she had given a copy of the letter to the prosecutor, but the prosecutor was not willing to dismiss the case. See id. at 21, 26-27.

Ms. Lutz testified that petitioner's wife did not indicate that she was asserting her spousal privilege. See id. at 22-23. Ms. Lutz stated that, in her experience, victims who indicate that they do not wish to prosecute still testify for the State. See id. at 23. Ms. Lutz testified that, if the victim had indicated to her in no uncertain terms that she would not testify against petitioner, that Ms. Lutz would have discussed this with petitioner and she would have told petitioner that the victim still could be subpoenaed and could testify against him. See id. at 23, 27. Ms. Lutz stated that this discussion with petitioner never occurred because the victim did not indicate that she would assert the spousal privilege . See id. at 28.

Ms. Lutz further testified that petitioner's teenage step-son, the victim's son, witnessed at least part of the incident giving rise to petitioner's charges. See id. at 24, 28. Ms. Lutz stated that petitioner's son was listed as a State's witness. See id. at 24. Ms. Lutz testified that the State also planned to use photographs of the victim, a 911 tape, and written statements of the victims. See id. at 24, 29. Ms. Lutz stated that, even if petitioner's wife refused to testify, she believed the State would have called petitioner's step-son to testify against petitioner. See id. at

5

29.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689).

In this case, petitioner has failed to establish either prong of the Strickland analysis. Petitioner failed to demonstrate that his wife would have asserted the spousal privilege. Plea counsel testified that petitioner's wife communicated her desire to dismiss the case, but did not indicate that she would have asserted the spousal privilege and refuse to testify at trial. Significantly, petitioner's wife did not testify at the evidentiary hearing. Because petitioner's wife never indicated that she would assert the spousal privilege, plea counsel did not act unreasonably in failing to advise petitioner that his wife may assert the spousal privilege.

6

Further, the State had additional evidence it intended to present against petitioner at trial. Petitioner's stepson was listed as a witness and could have testified against petitioner even if petitioner's wife asserted the spousal privilege. In addition, the State intended to introduce photographs, a recording of a 911 call, and written statements of petitioner's wife and petitioner's stepson.

Petitioner has failed to show that plea counsel acted unreasonably in failing to advise him of the spousal privilege, or any resulting prejudice. Thus, the decisions of the State courts were not contrary to or an unreasonable application of clearly established federal law.

Accordingly, the undersigned recommends that the petition be denied.

### III.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Larry J. Wallace for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued. The parties are advised they have fourteen (14) days, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this 13th day of August, 2013.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE